STEPHEN CARVER *vs.* HORACE STAPLES.

The plaintiff brought a suit to recover possession of certain land, of which he claimed to have been dispossessed by the defendant about three years before. After his ouster the plaintiff executed a deed of the premises to B, but by reason of the adverse possession of the defendant no title passed. The deed was given and received for the sole purpose of enabling B to dispossess the defendant. Soon after this the defendant brought an action of trespass against B for taking and carrying away a quantity of hay, which B justified on the ground that it was hay cut on the land in question, the title to which was in him. The court, however, rendered judgment for the present defendant. The latter, in the present suit, offered in evidence that judgment as an estoppel upon the present plaintiff. Held that the title to the demanded premises was not in issue in that suit.

The court below found, as to the plaintiff's title, that the only use to which the strip of land had been subjected was the occasional trimming and cutting of its trees and brush and the annual cutting and removal of the grass, seaweed and sedge growing on it, and the landing, repairing and storing of the fishing and other boats of the plaintiff and of those under whom he claimed title; and that the plaintiff and those under whom he claimed had been in the adverse and uninterrupted use and possession of the premises for the purposes aforesaid, more than fifteen years before the ouster by the defendant. The court having rendered judgment for the plaintiff, it was held, on the defendant's appeal, that this court could not, as matter of law, say that such possession and use were not such as to practically exclude the owner, and therefore could not say that the conclusion of the court below was legally erroneous.

[Argued March 19th—decided April 29th, 1884.]

ACTION to recover possession of land; brought to the Court of Common Pleas, and tried before *Warner, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is sufficiently stated in the opinion.

*J. B. Curtis,* with whom was *F. W. Perry,* for the appellant.

*H. S. Sanford,* for the appellee.

CARPENTER, J. This is an action to recover possession of land. The plaintiff recovered a judgment and the defen-

Carver *v.* Staples.

dant appealed. The plaintiff claims to have been ousted by the defendant some three years before the commencement of the suit.

On the trial the defendant offered in evidence the record of a judgment in a suit brought by the defendant against one George B. Bouton for trespass, Bouton at that time holding a deed of the premises from the plaintiff given while the defendant was in the adverse possession, and which was given and received for the sole purpose of enabling Bouton to dispossess the defendant. The plaintiff objected to the admission of that record, and the court excluded it.

We think it clear that the record was not admissible. Even if the plaintiff is to be regarded as in privity with Bouton, which is not clear, yet the subject matter of the two suits is not the same. The present case puts in issue the plaintiff's title. In the former case the title to real estate was not in issue. The action was *trespass de bonis asportatis*. The plea was the general issue, with notice that the hay, the personal property in controversy, was cut on land belonging to Bouton, &c. On this state of the pleadings no title was put in issue. Even if it was in issue to any extent or for any purpose, it was not decided. The special finding of the judge who tried that case, even if it can be called a part of the record, which is questionable, does not show that the title was in issue and decided. He says:—"I do not find title in the defendant by adverse possession." He then finds that the plaintiff in that suit was in possession, and that Bouton in taking the hay cut thereon was a trespasser. This was not even persuasive evidence, much less conclusive, against the plaintiff's title.

The plaintiff's claim of title was two fold—by deed, and by adverse possession. It was claimed by the defendant that the deeds did not embrace the disputed land. On this point the court found that "with reasonable certainty the plaintiff's deeds embrace the land in dispute." There was evidence on both sides on the question of adverse possession. In respect to that the court found that "the

plaintiff and those under whom he claims had been in the adverse and uninterrupted use and possession of the premises for the purposes aforesaid, more than fifteen years before the year 1878." The appeal raises a question as to the title by adverse possession, but none as to the title by deed. If the finding as to adverse possession is erroneous, we do not see why the title by deed is not good. But as we entertain no doubt as to the question presented we will dispose of it.

The error alleged is, that the court erred in holding that the use to which the strip of land had been subjected constituted such open, exclusive and uninterrupted use of the premises in question as would enable the plaintiff to acquire title to the same by adverse possession. The facts found by the court are as follows: "The only use to which said strip had been subjected is the occasional trimming and cutting of its trees and brush, and the annual cutting and removing of the grass, seaweed and sedge growing on the same ; and the landing, repairing and storing of the fishing and other boats of the plaintiff, and of those under whom he claims title, and has never been used for any other purpose." Such uses may have been of such a character as to practically exclude the owner; at least we cannot say as matter of law that they were not. And hence we cannot say that the conclusion, which was largely one of fact, was legally erroneous.

There is no error in the judgment.

In this opinion the other judges concurred.